UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| TAVERN HOSPITALITY GROUP HOLDINGS LLC, | ) ) | CASE NO. 23-17330 |
| | ) | |
| DEBTOR. | ) | Hon. Timothy A. Barnes |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on **Wednesday, January 10, 2024**, **at 9:00 a.m.**, I will appear before the Honorable Timothy A. Barnes, or any judge sitting in that judge's place, **either** in courtroom 744 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, or electronically as described below, and present the **MOTION OF THE UNITED STATES TRUSTEE TO SHORTEN NOTICE TO THAT GIVEN, AND DISMISS OR CONVERT CHAPTER 11 CASE PURSUANT TO 11 U.S.C. 1112(b)** a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

You may appear electronically by video or by telephone.

**To appear by video**, use this link: https://www.zoomgov.com/join. Then enter the meeting ID and passcode.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is 161 329 5276 and the passcode is 433658. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

/s/ *Spencer C. Ezell*
Spencer C. Ezell, Trial Attorney
Office of the U.S. Trustee
219 South Dearborn, Room 873
Chicago, Illinois 60604
(202) 702-6338

## CERTIFICATE OF SERVICE

I, Spencer C. Ezell, Trial Attorney, certify that on January 2, 2024, I caused to be served copies of the **NOTICE OF MOTION, MOTION OF THE UNITED STATES TRUSTEE TO SHORTEN NOTICE TO THAT GIVEN, DISMISS OR CONVERT CASE PURSUANT TO 11 U.S.C. 1112(b) AND PROPOSED ORDERS** on the ECF Registrants shown below *via* the Court's Electronic Notice for Registrants and *via* First Class US Mail by BMC Group on all other entities shown at the addresses listed below. A supplement to this Certificate of Service from BMC Group will be filed.

*/s/ Spencer C. Ezell*

### SERVICE LIST

**Registrants Served Through the Court's Electronic Notice for Registrants:**


**Parties Served via First Class Mail:**

Tavern Hospitality Group Holdings LLC |101 Burr Ridge Parkway Suite 206|Burr Ridge, IL 60527-0846||||
101 BRP LLC |c/o Jason Metnick|125 S. Wacker Dr|Chicago IL 60606-4424| ||
City of Countryside |803 Joliet Rd|Burr Ridge, IL 60527| |||
ComEd |PO Box 6111|Carol Stream, IL 60197-6111| |||
Illinois Department of Revenue |P.O. Box 19007|Springfield, IL 62794-9007| |||
LXG Midway LLC |7353 S. Cicero|Chicago, IL 60629-5816| |||
Nicor Gas |PO Box 5407|Carol Stream, IL 60197-5407| |||

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Tavern Hospitality Group Holdings LLC, | ) ) | Case No. 23-17330 |
| | ) ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |

## U.S. TRUSTEE'S MOTION TO SHORTEN NOTICE TO THAT GIVEN, AND TO CONVERT OR DISMISS CHAPTER 11 CASE

NOW COMES PATRICK S. LAYNG, the United States Trustee for the Northern District of Illinois (the "**U.S. Trustee**"), by and through his attorney, Spencer C. Ezell, and hereby moves this Court to enter an order dismissing or, in the alternative, converting the above-captioned Chapter 11 case to Chapter 7. In support of his motion, the U.S. Trustee states to the Court as follows:

### JURISDICTION

1. The Court has jurisdiction to hear and determine this motion pursuant to 11 U.S.C. § 157(b)(2)(A) and IOP 15(a) and Local Rule 40.3.1 of the United States District Court for the Northern District of Illinois.

2. Movant is the U.S. Trustee for the Northern District of Illinois and is charged with supervising the administration of bankruptcy cases under 28 U.S.C. § 586(a). The U.S. Trustee makes this request pursuant to the authority granted to him under 11 U.S.C. § 1112(b)(1).

1

## BACKGROUND

3. On December 28, 2023 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. *Dkt. 1*.

4. Upon information and belief, this Debtor is related to Tavern on LaGrange Corp, which has filed two Chapter 11 petitions since April, 2022 (Case Nos. 22-04773 and 23-01687). No Certification of Relatedness has been filed as of the filing of this motion. Both of Tavern on LaGrange Corp's cases were dismissed.

4. Although the Debtor represented in its petition that it is a corporation, the Debtor filed its petition without legal counsel. A copy of the petition, attached hereto as Exhibit A, shows that the petition was filed pro se by Makiah Perkins, the Debtor's Manager.

5. Page 5, line 18 of the petition provides a field for a debtor to disclose the information and signature of its attorney. Here, the Debtor left the attorney information field blank. *See Exhibit A, p. 5 of 23*.

## LEGAL ARGUMENT

6. In relevant part, Section 1112(b) of the Bankruptcy Code provides that on the request of a party in interest, and after notice and a hearing, the court shall convert the case to Chapter 7 or dismiss the case, whichever is in the best interest of creditors, where the movant has established "cause" to do so. *See* 11 U.S.C. § 1112(b)(1).

7. Section 1112(b)(4) sets forth a list of sixteen grounds that constitute "cause" for conversion or dismissal. *See* 11 U.S.C. § 1112(b)(4)(A)–(P). This list is not exhaustive; a case may be converted or dismissed for causes other than those specifically enumerated causes in

2

Section 1112(b)(4). *See In re Tekena USA, LLC*, 419 B.R. 341, 346 (Bankr. N.D. Ill. 2009); *In re Strug-Division, LLC*, 375 B.R. 445, 448 (Bankr. N.D. Ill. 2007).

8. Here, cause exists to convert or dismiss this case because the Debtor is a corporation and filed its petition *pro se*. Corporations cannot represent themselves and must have counsel to prosecute their bankruptcy cases. *U.S. v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008).

9. The filing of the petition in the instant case by Makiah Perkins constitutes the unauthorized practice of law and renders the filing of this case null and void. *In re Video Systems Design & Sales, Inc.*, 129 B.R. 196 (Bankr. W.D. Mo. 1991); *see also In re IFC Credit Corp.*, 420 B.R. 471, 478 (Bankr. N.D. Ill. 2009) (finding that a bankruptcy petition filed on behalf of a corporation without counsel is a nullity unless properly amended).

10. The Debtor is a corporation and filed its petition *pro se*. Accordingly, this case should be dismissed.

## SHORTENED NOTICE

11. Given the infirmity in the Debtor's petition caused by lack of counsel and the fact that this motion has been served on the Debtor and all known creditors, notice of this request should be deemed adequate.

## CONCLUSION

12. The Debtor is a corporation and cannot prosecute its bankruptcy case *pro se*, including under Chapter 7 of the Bankruptcy Code. Consequently, the U.S. Trustee requests that this case be dismissed.

**WHEREFORE**, the United States Trustee requests this Court to enter an order shortening notice to that given, dismissing this Chapter 11 case, and for such other relief as is just.

>RESPECTFULLY SUBMITTED:
>PATRICK S. LAYNG
>UNITED STATES TRUSTEE

DATED: January 2, 2024         By: /s/ *Spencer C. Ezell*
               Spencer C. Ezell, Trial Attorney
               OFFICE OF THE U.S. TRUSTEE
               219 S. Dearborn St., Room 873
               Chicago, Illinois  60604
               (202) 702-6338